UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOH BROS. CONSTRUCTION CO., L.L.C. | CASE NO. |
| VERSUS | SECTION "____" |
| CALIFORNIA FIRST NATIONAL BANK | MAGISTRATE _____ |

## COMPLAINT

Boh Bros. Construction Co., L.L.C. (hereafter "Petitioner" or "Boh Bros."), a Louisiana limited liability company, with respect represents:

### JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. This is a civil action where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

2.

Venue is proper in this district under 28 U.S.C. § 1391(e) inasmuch as a substantial part of the events giving rise to the claim occurred in this judicial district and a substantial part of the property that is the subject of the action is situated in this judicial district.

### PARTIES

3.

Boh Bros. Construction Co., L.L.C. is a Louisiana limited liability company with its principal place of business located in Baton Rouge, Louisiana.

4.

California First National Bank, a national banking association, organized under the laws of California, and headquartered in Irvine, California ("California First").

## FACTS

5.

Boh Bros. initially entered into an "Agreement for Industrial Services / Construction Work" with Noranda Alumina, L.L.C. ("Noranda") on or about September 17, 2015 (the "Construction Contract"). Boh Bros. agreed to provide:

> …all labor, supervision, equipment and materials necessary to procure, fabricate, and install breasting dolphin pile and feder assemblies (2) and mooring buoys and anchor piles (3) as described by the design specifications and as shown on the drawings that are a part of NA Specification No AR-300239-MAR.

6.

The work Boh Bros. performed was part of Noranda's New Ship Unloading System at Noranda's Gramercy, Louisiana facility (the "Project"). The contract value was $1,804,300.00.

7.

Upon award of the contract, Boh Bros. began material procurement and fabrication to support the field work for the Project.

8.

In November, 2015, Boh Bros. and Noranda entered into an "Amendment #1 to the Agreement for Industrial Services / Construction Work". Amendment #1 supplemented the Construction Contract as follows:

a) Authorized Boh Bros. to conduct additional work associated with the fabrication and installation of navigation light mounts atop three mooring buoys at the cost of $5,250.00;

b) Covered the cost for Builder's Risk Insurance to be purchased by Boh Bros.;

c) Recognized an eight day standby charge at $8,975.00 per day for delaying the start of breasting dolphin work;

d) Covered the relocation expenses related to moving Boh Bros.' barge downriver to the Noranda Alumina Dock area; and

e) Extended the completion date.

9.

Boh Bros. commenced work on the Project, and continually and without material interruption performed all of its work in a fully workmanlike and proper manner.

10.

Within four days of signing the Construction Contract, Boh Bros. was advised by John Sanchez from Noranda that California First would be contractually obligated to pay all of Boh Bros.' invoices on the Project by specifically instructing Boh Bros.' invoices to be sent directly to California First National Bank and to read as follows:

> "Sold To:
> California First National Bank
> 28 Executive Park
> Irvine, CA  92614
> Attention:  Karen Brown
>
> Ship To:
> Noranda Alumina, LLC
> 1111 Airline Hwy, US 61
> Gramercy, LA  70052"

11.

Ms. Hebert from Boh Bros. asked for written confirmation of this contracting agreement by and between Boh Bros. and California First by email dated September 22, 2015.  Karen Brown of California First confirmed by email later that day that California First would be contractually obligated to pay all of Boh Bros.' invoices for work on the Project:

3

"Mary, Can you please email copies of Exhibits A-3 that are referenced on the attached contract to my attention. Please also note the invoices need to reflect a sold to California First National Bank, at our address with the ship to Noranda Alumina, LLC with their address. Please forward the invoices directly to Noranda for review."

12.

Reconfirming the contractual undertaking and relationship between Boh Bros. and California First, Boh Bros. submitted Pay Application #1 dated September 17, 2015 in the amount of $956,880.00 to California First by email dated September 22, 2015. Pay Application #1 was issued to California First in accordance with the directive by California First to issue the Boh Bros.' Pay Applications with the notation "Sold To" California First.

13.

Reconfirming the contractual undertaking and relationship between Boh Bros. and California First, Boh Bros. submitted Pay Application #2 dated September 17, 2015 in the amount of $239,220.00 to California First by email dated September 22, 2015. Pay Application #2 was issued to California First in accordance with the directive by California First to issue the Boh Bros.' Pay Applications with the notation "Sold To" California First.

14.

Boh Bros. followed up with Karen Brown of California First on October 1, 2015, requesting an updated status on the payments owed by California First to Boh Bros. on Boh Bros.' Pay Application #1 and Pay Application #2.

15.

California First reconfirmed its contract directly with Boh Bros. to pay all invoices of Boh Bros. on the Project by paying Boh Bros.' Pay Application #1 and Pay Application #2 in the total aggregate amount of $1,196,100.00 on October 16, 2015, which payment was made by wire transfer from California First directly to Boh Bros.' bank account.

4

16.

Because California First clearly represented and contractually obligated itself to be responsible for the payment of all Boh Bros.' invoices on the Project and to specifically fund the entirety of this Construction Contract, Boh Bros. shows that it relied upon this express representation and contractual undertaking by California First to induce Boh Bros. to finish all work on the Project under the Construction Contract. Stated conversely, without California First's express contractual undertaking and agreement to pay all of Boh Bros.' invoices on this Project under the Construction Contract, Boh Bros. would not have continued work on the Project. Further, Boh Bros. shows that it specifically relied upon the contractual undertakings and agreements by California First that there would be sufficient funds to pay for all of Boh Bros.' work and invoices under the Construction Contract on the Project through and until completion of the Project.

17.

Boh Bros. submitted Pay Application #3 dated November 6, 2015, in the amount of $384,473.25 to California First. Pay Application #3 was issued to California First by Boh Bros. in accordance with the directive by California First to issue the Boh Bros.' Pay Applications with the notation "Sold To" California First. Boh Bros. has not received payment from California First on Pay Application #3, despite amicable demand.

18.

Boh Bros. submitted Pay Application #4 dated December 9, 2015, in the amount of $134,703.00 to California First. Pay Application #4 was issued to California First by Boh Bros. in accordance with the directive by California First to issue the Boh Bros.' Pay Applications with the notation "Sold To" California First. Again, Boh Bros. has not received payment from California First on Pay Application #4, despite amicable demand.

19.

Boh Bros. has submitted a supplemental Pay Application to California First to cover the $68,873.64 of taxes due on the Project. On January 14, 2016, Boh Bros. was advised by Noranda to include taxes on its invoices, which was directly contrary to the prior advices that Boh Bros. received. The taxes due for the permanent materials are $68,873.64.

20.

Noranda accepted Boh Bros.' work on the Project on November 24, 2015. At that point, Boh Bros. cancelled the Builder's Risk insurance in place, and the Project was transferred back to Noranda.

21.

Noranda accepted the Project, even though one small piece of work remains to be completed. Specifically and subject to payment in full of all monies owed to Boh Bros. under the Construction Contract on the Project by California First, Boh Bros.' remaining obligation includes placing a total of 60 tons of rip rap around the three (3) anchor piles and two (2) ship breasting piles that were installed by Boh Bros.

22.

Boh Bros. remains unpaid, despite amicable demand, from California First in the total amount of $778,636.14 as follows:

a. Pay Application #3 dated November 6, 2015, in the amount of $384,473.25;

b. Pay Application #4 dated December 9, 2015, in the amount of $134,703.00;

c. Retainage in the amount of $190,586.25, as reflected on Pay Application #4; and

d. Taxes of $68,873.64.

23.

Boh Bros. made amicable demand on California First by letter dated February 25, 2016, all to no avail.

## COUNT I - BREACH OF CONTRACT

24.

Petitioner reiterates and incorporates herein the above and foregoing paragraphs 1 – 23 inclusive.

25.

California First contractually obligated itself to satisfy and pay all of Boh Bros.' Pay Applications on the Project by expressly agreeing to fund all of Boh Bros.' invoices on the Project under the Construction Contract. California First then reaffirmed its contractual agreement to pay all of Boh Bros.' Pay Applications under the Construction Contract on the Project when it actually paid Pay Application #1 and Pay Application #2 by wire transfer on October 16, 2015 directly to Boh Bros.' bank account.

26.

Boh Bros. submitted Pay Application #3 and Pay Application #4 to California First; however, California First has breached its contractual obligations owed to Boh Bros. by failing to

pay same. Further, Boh Bros. shows that California First has breached its contractual agreement with Boh Bros. by failing to pay taxes due of $68,873.64 under the Construction Contract on the Project.

27.

California First has breached its agreement with Boh Bros. by failing to satisfy and pay all of Boh Bros.' Payment Applications on the Project, despite paying the first two progress payments and confirming in writing that California First would be the funding source to make all payments to Boh Bros. due under the Construction Contract on this Project.

28.

As a result of its misconduct, California First is liable to Boh Bros. for all damages resulting from its breaches of contract in failing to make all payments due to Boh Bros. under the Construction Contract on the Project.

## COUNT II – DETRIMENTAL RELIANCE AND NEGLIGENT MISREPRESENTATION

29.

Boh Bros. reiterates and incorporates herein the above and foregoing paragraphs 1 - 28.

30.

Boh Bros. relied on California First's negligent misrepresentations and actions that it would satisfy and make payment on all of Boh Bros.' Payment Applications on the Project under the Construction Contract.

31.

Boh Bros. shows that the negligent misrepresentations from California First to pay all of Boh Bros.' Pay Applications on the Project, made in the ordinary course of the bank's business, was false. California First made this negligent misrepresentation to Boh Bros., realizing that Boh Bros. would rely upon the separate obligation on the part of California First to pay all of

8

Boh Bros.' invoices, which obligation induced and committed Boh Bros. to finish the work on the Project under the Construction Contract.

32.

Without California First's clear contractual undertaking that it would pay all of Boh Bros.' Payment Applications on the Project, Boh Bros. would not have continued work on the Project. Boh Bros. also asserts that, upon information and belief, that California First likely may have known of some type of impending default and/or notice of default, and that had California First given such information to Boh Bros. and/or advised Boh Bros. that no further progress payments would be made to Boh Bros. for work on the Project, Boh Bros. would have immediately stopped work on the Project.

33.

Boh Bros. specifically relied on California First's negligent misrepresentations to make all payments due to Boh Bros. on its Payment Application on the Project to its detriment, which has caused significant damage to Boh Bros. in the form of unpaid invoices.

**WHEREFORE**, Boh Bros. Construction Co., L.L.C. prays:

a. That defendant, California First National Bank be cited to appear and answer this Complaint;

b. That judgment be entered in favor of Boh Bros. Construction Co., L.L.C. and against California First National Bank for all damages resulting from California First National Bank's breach of contract;

c. That judgment be entered in favor of Boh Bros. Construction Co., L.L.C. and against California First National Bank for all damages resulting from the acts of negligent misrepresentation that Boh Bros. relied on to its detriment; and

d. That judgment be entered in favor of Boh Bros. Construction Co., L.L.C. and against California First National Bank in the amount of $778,636.14;

e. That judgment be entered in favor of Boh Bros. Construction Co. L.L.C. and against California First National Bank for expenses and attorney's fees incurred in prosecuting this case; and,

f. That Boh Bros. Construction Co., L.L.C. have such other and further relief in justice it may be entitled to receive.

Dated: March 31, 2016

Respectfully submitted:

**KINGSMILL RIESS, L.L.C.**

By: _____
Michael R. C. Riess (#2073)
Christy R. Bergeron (#22944)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
E-mail: mriess@kingsmillriess.com
E-mail: cbergeron@kingsmillriess.com
***Attorneys for Boh Bros. Construction Co., L.L.C.***

**PLEASE SERVE:**
California First National Bank
Through its Agent for Service:
Glen T. Tsuma
28 Executive Park
Irvine, California 92614