```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CALIFORNIA FIRST NATIONAL            CIVIL ACTION
BANK
                                     No.: 16-2699
VERSUS

BOH BROS. CONSTRUCTION CO.,          SECTION: "J"(5)
LLC
```

### ORDER AND REASONS

### NATURE OF MOTION AND RELIEF REQUESTED

Before the Court is a *Motion to Dismiss Counterclaim* **(Rec. Doc. 21)** filed by California First National Bank ("CalFirst"). Boh Bros. Construction Company ("Boh Bros.") opposes the motion. (Rec. Doc. 24) CalFirst submitted a reply in response to the opposition. (Rec. Doc. 27.) Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED** in part and **DENIED** in part.

### FACTS AND PROCEDURAL BACKGROUND

This litigation arises from Boh Bros.' allegedly unpaid invoices for work performed for Noranda Alumina, LLC ("Noranda"). According to Boh Bros., on September 17, 2015, Boh Bros. and Noranda entered into an agreement whereby Boh Bros. would provide labor, supervision, equipment, and materials to procure, fabricate, and install two breasting dolphin pile and fender assemblies as well as three mooring buoys and anchor piles

("Noranda Project") at Noranda's Gramercy, Louisiana facility ("Noranda facility"). (Rec. Doc. 20 at 9.) Boh Bros. alleges that shortly after commencing work at the Noranda facility it was advised by Noranda that CalFirst was obligated to pay for Boh Bros.' invoices on the Noranda Project[1] and specifically instructed Boh Bros. to send its invoices to CalFirst. Boh Bros. allegedly requested written confirmation of this arrangement and received an email from CalFirst confirming that CalFirst would pay Boh Bros.' invoices for the Noranda Project. Boh Bros. submitted its first two invoices to CalFirst, and CalFirst paid them. Boh Bros. alleges that it mobilized its labor force to Noranda's facility to complete the Noranda Project after receipt of the payment. Thereafter, Boh Bros. submitted additional invoices to CalFirst, but CalFirst did not pay them. Noranda has since filed for bankruptcy, and a number of its vendors with contracts to work on Noranda's facility went unpaid, including Boh Bros.

On May 15, 2017, CalFirst filed the present motion to dismiss Boh Bros.' counterclaim. The counterclaim asserts three causes of action against CalFirst: breach of contract, negligent misrepresentation, and detrimental reliance. In total, Boh Bros. seeks $778,636.14 for work it performed. CalFirst argues that it is not contractually obligated to pay Boh Bros.' unpaid invoices,

---

[1] It appears that CalFirst at least agreed to finance some of the work for the Noranda Project or else it would not have paid the first two invoices submitted by Boh Bros.

2

that it did not owe a duty to Boh Bros. to disclose Noranda's financial situation, and that Boh Bros. did not detrimentally rely on CalFirst's alleged representations and actions. (Rec. Doc. 21-1.) In response, Boh Bros. argues that it has adequately alleged all three of its claims, and CalFirst's motion to dismiss should be denied. CalFirst's motion is now before the Court on the briefs and without oral argument.[2]

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (internal citations omitted). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (citing McConathy v. Dr. Pepper/Seven Up Corp., 131 F.3d 558, 561 (5th Cir. 1998)). To

---

[2] CalFirst requested oral argument on the instant motion. (Rec. Doc. 22.) However, the Court cancelled oral argument and notified the parties that it would be rescheduled if the Court deemed it necessary. See Rec. Doc. 23. Finding oral argument unnecessary, the Court considers the motion on the briefs.

3

survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor, 296 F.3d at 378.

## DISCUSSION

**1. Breach of Contract**

Under Louisiana law the formation of a contract requires capacity, consent, a certain object, and a lawful cause.[3] La Bo J. P'ship v. La. Lottery Corp., 2008-1279 (La. App. 1 Cir. 1/30/09), 6 So. 3d 191, 194. Consent requires a meeting of the minds between the parties through offer and acceptance. Id. Unless the law

---

[3] The parties do not dispute that Louisiana law applies.

prescribes a certain formality as to form, a contract through offer and acceptance may be perfected orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent. Jarreau v. Quackenbush, 687 F. Supp. 2d 606, 611 (M.D. La. Feb. 2, 2010) (citations omitted); Wilson v. Two SD, LLC, 2015-0959 (La. App. 1 Cir. 12/23/15), 186 So. 3d 103, 109. Further, "[w]hen consent is not express, or when the law creates no presumption of consent, the trial judge is to ascertain, from the facts and circumstances, whether the parties' consent is to be implied from them." Knect v. Bd. of Trs. for State Colls. & Univs. & N.W. State Univ., 591 So. 2d 690, 694 (La. 1991).

Boh Bros.' counterclaim alleges that Noranda advised Boh Bros. that CalFirst would be contractually obligated to pay Boh Bros.' invoices for the Noranda Project. Boh Bros.' further alleges that it was instructed to send all of its invoices directly to CalFirst. (Rec. Doc. 20 at 10.) Boh Bros. alleges that it sought and received written confirmation of this arrangement from CalFirst. Id. at 10-11. Boh Bros. further alleges that CalFirst reconfirmed this agreement by actually paying the first two invoices Boh Bros. submitted. Id. Thus, Boh Bros. has alleged that it asked CalFirst who was responsible for paying Boh Bros. invoices, CalFirst told Boh Bros. to send its invoices to CalFirst, and CalFirst subsequently paid these invoices. Accepting the allegations in Boh Bros.' counterclaim as true, it is at least

5

plausible that CalFirst confirmed, in writing and by payment of Boh Bros.' first two invoices, that it was contractually obligated to pay Boh Bros.' invoices. CalFirst argues that the email exchange containing this alleged agreement demonstrates that it was only responsible for paying the first two invoices, which were apparently attached to the email, and that it in fact paid these invoices. While this may ultimately be true, the Court finds that as alleged and accepted as true, Boh Bros.' counterclaim contains a plausible claim for breach of contract.

2. **Negligent Misrepresentation**

To allege a negligent misrepresentation claim under Louisiana law the plaintiff must allege that "the defendant owed a [legal] duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached." Granger v. Christus Health Cent. La., 2012-1892 (La. 6/28/13), 144 So. 3d 736, 766-67 (citing Barrie v. V.P. Exterminators, Inc., 625 So. 2d 1007, 1015 (La. 1993)). Boh Bros. alleges that CalFirst created a legal duty to supply Boh Bros. with correct information "by obligating itself" to pay for Boh Bros.' invoices for work on the Noranda Project. (Rec. Doc. 20 at 14-15). Boh Bros. alleges that CalFirst breached its duty by failing to inform Boh Bros. that Noranda was in default

on its payments to CalFirst.[4] Boh Bros. alleges that had CalFirst informed Boh Bros. of Noranda's default, Boh Bros. would not have mobilized its labor forces to Noranda's facility to perform work on the Noranda Project. Id. CalFirst argues that it owed no fiduciary or legal duty to Boh Bros., and thus Boh Bros. does not have a claim for negligent misrepresentation as a matter of law.

"Under Louisiana law, banks ordinarily owe no duty, fiduciary or otherwise, to third persons." Eubanks v. Fed. Deposit Ins. Corp., 977 F.2d 166, 170 n.3 (5th Cir. 1992). However, Boh Bros. alleges that it is not a third party, but rather there was an agreement between Boh Bros. and CalFirst for payment of Boh Bros.' invoices for the Noranda Project. Nevertheless, the mere existence of a contract does not automatically give rise to a legal duty. Specifically, Louisiana Revised Statute § 6:1124 forecloses "the possibility of a lawsuit against a bank for negligent misrepresentation unless there was a contract or a written agreement that the financial institution had a fiduciary obligation to the person claiming negligent misrepresentation." Priola Construction Corp. v. Profast Dev. Grp., Inc., 2009-342 (La. App. 3 Cir. 10/7/09), 21 So. 3d 456, 461-62 *writ denied* 2009-2403 (La. 1/22/10), 25 So. 3d 142. The precise language of § 6:1124 provides that there must be "a written

---

[4] At this stage of the proceedings, the Court is unclear as to what the relationship between CalFirst and Noranda entailed. Nevertheless, at this stage of the proceedings it is enough to accept Boh Bros. plausible arguments as true.

7

agency or trust agreement under which the financial institution *specifically agrees* to act and perform in the capacity of a fiduciary." La. Rev. Stat. § 6:1124 (emphasis added); see also Mose v. Keybank Nat. Ass'n, 464 F. App'x 260, 263 (5th Cir. 2012) (citing Priola, 21 So. 3d at 462) (holding that defendant bank had no duty to disclose information to plaintiffs about the bank's borrower's substandard financial status); Blanchard v. Lee, No. 13-220, 2013 WL 4049003, at *5 (E.D. La. Aug. 9, 2013) (citing Priola, 21 So. 3d at 462) (dismissing plaintiffs' negligent misrepresentation claim because plaintiffs failed to allege a facially plausible contract whereby the defendant-banks agreed to perform in the capacity of a fiduciary); Oliver v. Cent. Bank, 26-932 (La. App. 2d Cir. 1995), 658 So. 2d 1316, 1324-25 (holding that the defendant-bank had owed no duty to the plaintiff, despite an agreement between the bank and the plaintiff, because there was no express term in the agreement creating a fiduciary relationship). Boh Bros.' counterclaim does not allege that CalFirst owed Boh Bros. a fiduciary duty or that the agreement created a fiduciary relationship. Further, from the facts alleged in Boh Bros.' counterclaim, it is implausible that if an agreement between CalFirst and Boh Bros. exists that such agreement provides that CalFirst "specifically agrees to act and perform in the capacity of a fiduciary." La. Rev. Stat. § 6:1124. While it is plausible that a contract between CalFirst and Boh Bros. may exist,

the Court concludes that CalFirst did not have a duty to disclose Noranda's financial status to Boh Bros. Therefore, Boh Bros.' negligent misrepresentation claim is dismissed.[5]

**3. Detrimental Reliance**

Detrimental reliance is codified at Louisiana Civil Code article 1967:

> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

La. Civ. Code art. 1967. Detrimental reliance bars a party "from taking a position contrary to his prior acts, admission, representations, or silence." Suire v. Lafayette City-Par. Consol. Gov., 2004-1459 (La. 4/12/05), 907 So. 2d 37, 31. "To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or

---

[5] Boh Bros. cites to Cypress Oilfield Contractors, Inc. v. McGoldrick Oil Co., Inc., 525 So. 2d 1157 (La. App. 3d 1988) in support of its argument that CalFirst owed Boh Bros. a duty. (R. Doc. 24 at 11.) Notably, Louisiana Revised Statute § 6:1124 was enacted in 1991 and Cypress was decided in 1988. Thus, pre-1991 a bank may have owed a duty to persons with whom it did not have a contract. However, by enacting La. Rev. Stat. § 6:1124 in 1991 the Louisiana legislature made clear that a bank is only a fiduciary if it expressly agrees by written agreement to act as a fiduciary.

word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." Id. Proof of a formal, valid, and enforceable contract is not necessary. Id.

Boh Bros. contends that it adequately alleged a claim for detrimental reliance when it stated that CalFirst represented that it would pay Boh Bros.' invoices for the Noranda project, Boh Bros. relied on such representations, and that without CalFirst's agreement to pay for Boh Bros.' invoices, Boh Bros. would not have continued work on the Noranda Project. (Rec. Doc. 24 at 18.) In response, CalFirst argues that because Boh Bros. was contractually obligated to Noranda to perform work on the Noranda project, Boh Bros.' continuing performance of such work does not demonstrate that Boh Bros. changed its position to its detriment. (Rec. Doc. 21-1 at 15.) CalFirst further argues that Boh Bros. has not alleged that it had a right to cease work under its agreement with Noranda.

The Court finds that Boh Bros. has adequately pled a cause of action for detrimental reliance. Boh Bros. specifically alleges that it relied on CalFirst's representation that CalFirst was responsible for paying for Boh Bros.' invoices. Boh Bros. further alleges that it relied on CalFirst's act of payment of the first two invoices. Boh Bros. alleges that in reliance on these words and acts it mobilized its labor force and performed additional work on the Noranda Project. Boh Bros. alleges that it relied to its detriment because it performed additional work on the Noranda

10

project in light of CalFirst's payment of Boh Bros.' first two invoices, and that Boh Bros. would not have performed the additional work without CalFirst confirming its obligation to pay through its acts and words. While CalFirst argues that Boh Bros.' contract with Noranda obligated Boh Bros. to perform regardless of whether CalFirst paid, the agreement between Boh Bros. and Noranda was not presented to the Court, and Boh Bros.' counterclaim as alleged and accepted as true adequately pleads a detrimental reliance claim.

Additionally, the Court notes that at this stage of the proceedings, its ruling on Boh Bros.' claims is based solely on the pleadings and the plausible allegations contained therein. The result may very well be different at a later stage once the parties have had time to engage in discovery.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that CalFirst's *Motion to Dismiss* **(Rec. Doc. 21)** is **GRANTED** in part and **DENIED** in part. Specifically, Boh Bros. claim for negligent misrepresentation is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 8th day of January, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE